UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
ANTHONY BRIAN MALLGREN,

                Plaintiff,                      **MEMORANDUM & ORDER**
                                                                  13-CV-6221 (MKB)

            v.

BOWERY RESIDENTS COMMITTEE, INC.,

                Defendant.
-------------------------------------------------------------------
MARGO K. BRODIE, United States District Judge:

       On November 1, 2013, Plaintiff Anthony Brian Mallgren filed the above-captioned *pro se* action against Defendant Bowery Residents Committee, Inc., seeking the return of marijuana that was allegedly taken from him on October 16, 2013 by shelter officials when he attempted to enter the shelter. The Court grant's Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. As set forth below, because the Court lacks subject matter jurisdiction and Plaintiff has failed to state a claim upon which relief can be granted, the Complaint is dismissed.

**I.   Background**

       Plaintiff's lengthy litigation history is recounted in this Court's March 11, 2014 Memorandum and Order in *Mallgren v. American Psychiatric Association, et al.*, No. 13-CV-2211, slip op. (E.D.N.Y. Mar. 11, 2014) (dismissed for failure to state a claim). By Orders dated May 2, 2013 in *Mallgren v. Motion Recruitment Partners Inc., et al.*, No. 13-CV-1054, *Mallgren v. John Doe Corporation*, No. 13-CV-1265, and *Mallgren v. Bloomberg, et al.*, No. 13-CV-1466, Plaintiff was warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court.

According to the instant Complaint, on October 16, 2013, Plaintiff entered a homeless shelter at 2027 Lexington Avenue in Manhattan that was operated by Defendant. (Compl., "Statement of Claim" ¶ 7.) Plaintiff alleges that his belongings were searched and a small amount of marijuana, approximately half of an ounce, was found inside his backpack and confiscated. (*Id.* ¶¶ 8–9.) "Mallgren was told that Mallgren would not receive the marijuana back, constituting a search and seizure of marijuana." (*Id.* ¶ 9.) Plaintiff alleges that he has suffered physical, emotional, and mental harm as a result of the confiscation of the half-ounce of marijuana. (Compl., "Injury" ¶¶ 1–2.) He seeks injunctive relief "for specific performance, placing the consideration of interstate commerce of marijuana for residents of the different states" and "nominal damages, for the marijuana that was confiscated to be returned to Mallgren, or otherwise compensated for." (Compl., "Relief" ¶¶ 1–2.)

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the Plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the court

must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and, thereafter, "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the court is required to dismiss *sua sponte* an *in forma pauperis* action, if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas*, 480 F.3d at 639.

A plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject matter jurisdiction over the action. *See, e.g.*, *Monreal v. New York*, 518 F. App'x 11 (2d Cir. 2013) (affirming dismissal of *pro se* complaint for failure to establish subject matter jurisdiction); *Zito v. New York City Office of Payroll Admin.*, 514 F. App'x 26, 27 (2d Cir. 2013) (same); *Chestnut v. Wells Fargo Bank, N.A.*, No. 11-CV-5369, 2012 WL 1657362, at * 3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1331 and § 1332. In order to invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### b. The Court Lacks Subject Matter Jurisdiction

The instant Complaint fails to state any valid basis for the Court's subject matter jurisdiction. Plaintiff asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331, but his Complaint does not invoke any federal law, treaty, or constitutional provision. He has not identified any federal right to enter a homeless shelter carrying marijuana or any federal right to possess marijuana for medicinal use. Plaintiff seems to suggest that "the consideration of interstate commerce" somehow applies to his use and possession of marijuana, but he offers no legal support for this application of the Commerce Clause.

### c. Plaintiff Fails to State a Claim

To the extent that Plaintiff asserts a "search and seizure" claim based on the confiscation of his marijuana, he fails to state a claim for violation of his Fourth Amendment rights that would be cognizable under 42 U.S.C. § 1983. To state a claim pursuant to Section 1983, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Even if Plaintiff could show that the search of his belongings upon voluntary entrance to a homeless shelter operated by a private entity was unconstitutional, he has not identified any state actor who could be found liable for violating his rights.

### III. Conclusion

For the reasons set forth above, the Complaint is dismissed for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3) and failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii). The Court renews its warning to Plaintiff that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: March 12, 2014
      Brooklyn, New York